IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-862-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I. Introduction

The plaintiff, James Arthur Biggins ("Biggins"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court is Biggins' motion for injunctive relief. (D.I. 16.)

### II. Discussion

Following the stabbing of a correctional officer, the VCC went on lockdown on March 16, 2010. Biggins has been told that the institution may remain on lockdown "for awhile." He seeks injunctive relief for a transfer from the VCC to the Sussex Correctional Institutional ("SCI"), Georgetown, Delaware.

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F.

App'x 169, 170 (3d Cir. 2009) (not published) *(citing Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).

Biggins requests a transfer to a different correctional facility. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor,* 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251(1983). Biggins' request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendants. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

Biggins has not demonstrated the likelihood of success on the merits. Additionally, there is no indication that at the present time, Biggins is in danger of suffering irreparable harm. Biggins has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the court will deny his motion.

### III. Conclusion

IT IS HEREBY ORDERED that thee motion for a preliminary inunction is **denied**. (D.I. 16.)

_April 12_, 2010
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

-2-