IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-862-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. Introduction

The plaintiff, James Arthur Biggins ("Biggins"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court is Biggins' motion for emergency protective order construed as a second motion for injunctive relief and Warden Perry Phelps ("Phelps") response thereto. (D.I. 28.)

### II. Standard of Review

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (not published) *(citing Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

## III. Discussion

Prison housing rules permit two large cardboard boxes for storage of items underneath the bed of assigned cell. An inmate may purchase a locker box from the commissary in lieu of cardboard boxes, but a spare key must be given to the lead-worker. Housing rules provide that "a written request for an additional box for storage of legal materials for active cases(s) may be made to the deputy warden II. The request must include the pending case number and court where it is active. Written approval must be retained in the box as proof of authorization and the failure to produce the written authorization at the direction of staff is grounds for a determination that there is no authorization. Upon said finding, an inmate is referred for disciplinary action and the box and its contents are confiscated as contraband. (D.I. 37, ex. B.)

Biggins alleges that his legal documents were confiscated in retaliation for this lawsuit filed against the defendant Karen Hawkins ("Hawkins").[1] She is one of several defendants. When Biggins was transferred to the VCC infirmary on July 4, 2010, it required an inventory of his property so it could be sent to the property room for storage. The property room received nine boxes of legal work from Biggins' cell. (D.I. 37, ex. B.) On July 8, 2010, Biggins was released from the infirmary and returned to his prior housing status. (*Id.* at ex. C.)

According to Biggins, on July 12, 2010, Hawkins ordered him to condense his legal materials into one box, even though he has several pending cases. Phelps indicates that Biggins was limited to two boxes of materials. Biggins was given until after July 19, 2010, when Hawkins returned from vacation, to sort through his materials and to voluntarily mail out the materials not needed. (D.I. 28, 32.) Biggins refused the order and advised her that he "would not

---

[1]Hawkins was dismissed as a defendant on May 25, 2010. (*See* D.I. 22.)

take the box and try to make use of it because it was no benefit," he had several ongoing cases, and "she would have to do what she wanted, [he] wasn't going to throw away [his] opened case material and had nothing unnecessary." (D.I. 29.) On Monday, July 19, 2010, Biggins was met by several officers and told to place his legal materials into a cardboard box. Biggins was told that the items that would not fit would be confiscated. His legal property was bagged up and placed in a cart. Later Biggins was asked where he wanted the materials sent, but Biggins stated the materials could not be sent out because they belonged to active cases. Biggins was served with a write-up for excessive non-dangerous contraband. He asks for the return of all confiscated property or, in the alternative, replacement of confiscated case filings and transcripts, and a transfer from maximum security status to medium low security status or to a different correctional facility. (D.I. 32.)

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.[2] The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of

---

[2]An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

Phelps argues that housing rules are implemented for the health, welfare, and safety of the inmate population, the staff, and the public. This district has previously determined that the prison regulation limiting the number of boxes of personal effects an inmates can keep in his cells is reasonably related to legitimate penological objectives as the regulation promotes fire safety, limits access to contraband and clutter, and inmates have access to the prison's law library. *Howard v. Snyder*, 389 F. Supp. 2d 589 (D. Del. 2005).

It is evident from the pleadings that Biggins was afforded an opportunity to go through his legal documents. He refused the order and refused to provide an address for the mailing of the excess materials. While Biggins has a number of cases, not all are active, some have been dismissed, and others are awaiting court decisions. These facts lead to the conclusion that Biggins cannot succeed on the merits of his motion. In an addition, Biggins has not met his burden to show that granting the injunction will not result in irreparable harm to the defendant or that granting the injunction is in the public interest. Indeed, Biggins' request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendants. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

Finally, the court notes that this is Biggins' second attempt to gain a transfer to a different prison facility. He is well aware that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table)

(citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). His request fails as a matter of law.

Biggins has not demonstrated the likelihood of success on the merits. Additionally, he failed to demonstrate that granting the injunction will not result in irreparable harm to the defendant and that granting the injunction is in the public interest. Therefore, the court will deny his motion.

## IV. Conclusion

For the reasons stated, the court finds that Biggins is not entitled to injunctive relief and the motion for injunctive relief will be denied. (D.I. 28.)

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Sept 28_, 2010
Wilmington, Delaware