IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JAMES ARTHUR BIGGINS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 09-862-GMS ) |
| R. WILLEY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**I. Background**

The plaintiff, James Arthur Biggins ("Biggins"), is an inmate incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. On February 9, 2011, the court entered an order striking Biggins' combined motion for reconsideration and first amended complaint, and allowed the case to proceed on the claims as set forth in the court's May 25, 2010 memorandum opinion and order. (See D.I. 22, 52) Biggins moves for reconsideration of the order. (D.I. 55.)

Biggins also requests counsel and filed a motion and request to compel discovery. (D.I. 64, 65.) Finally, Biggins moves to amend the complaint and seeks injunctive relief. (D.I. 69, 70.)

**II. Reconsideration**

Biggins moves for reconsideration of the court's February 9, 2011 order. (D.I. 55.) The standard for obtaining relief under Rule 59(e) is difficult for Biggins to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677

(3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Biggins has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's February 9, 2011 order. He merely disagrees with the court's ruling. Accordingly, the court will deny the motion for reconsideration.

**III. Request for Counsel**

Biggins requests counsel on the grounds that he cannot afford a lawyer, his incarceration limits his ability to litigate, his housing assignment restricts his ability to litigate, substantial investigation discovery is needed, he had limited knowledge of the law, the issues are complex, and a trial will likely involve conflicting testimony. (D.I. 64.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to

representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)

The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Biggins has the ability to present his claims. He has filed numerous cases in this court, has filed many motions, and aptly utilizes the Federal Rules of Civil Procedure. Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. Notably, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. For the above reasons, the court will deny the request for counsel. (D.I. 64.)

## IV. Motion to Compel

Biggins moves to compel discovery. The motion is premature. The parties have just been served and responsive pleadings are not due until mid-May, 2011. Further, the discovery requests are overly broad. Therefore, the court will deny the motion to compel. (D.I. 65.)

## V. Motion to Amend

Biggins moves to amend the complaint to add allegations regarding incidents that occurred on March 31, 2011 and April 4, 2011. (D.I. 69.) The original complaint was filed on or about November 3, 2009. (D.I. 1.)

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires." Fed. R, Civ. P. 15(a). A district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). Although the proposed amendment contains numerous fact, those facts are interspersed with conclusions of law. *See Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Moreover, the motion contains a litany of acts allegedly taken against Biggins that occur in a different time-frame than those in the original complaint. It also seeks to add new defendants. The court will deny the leave to amend. As Biggins knows, his remedy is to file a new complaint.[1]

## VI. Motion for Injunctive Relief

Biggins recently filed a motion for show cause, construed by the court as a motion for injunctive relief. (D.I. 70.) He alleges that after he submitted a grievance against correctional officers George Gile ("Gile") and Michael Deepe ("Deepe") on March 31, 2011, they would not allow him to use the upper showers on April 5, 2011. Biggins received two separate disciplinary actions later that morning. He alleges he received the disciplinary actions in retaliation for submitting grievances against Giles and Deepe and seeks injunctive relief to rescind and remove

---

[1] Biggins has three-strikes pursuant to 28 U.S.C. § 1915(g) and continually seeks ways to file new complaint with paying the filing fee.

the disciplinary actions from his institutional file. He also seeks an order for Warden Perry Phelps ("Phelps") and his agents to immediately stop retaliatory actions against him.

Giles, Deepe, and Phelps are not defendants in this action.[2] Nor has Biggins met the requisites for injunctive relief. See *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999); *NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Therefore, the court will deny the motion for injunctive relief. (D.I. 70.)

## VII. Conclusion

IT IS HEREBY ORDERED that:

1. The motion for reconsideration is **denied**. (D.I. 55.)

2. The request for counsel is **denied** without prejudice. (D.I. 64.)

3. The motion to compel is **denied** as premature. (D.I. 65.)

4. The motion to amend the complaint is **denied**. (D.I. 69.)

5. The motion for injunctive relief is **denied**. (D.I. 70.)

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2011
Wilmington, Delaware

---

[2]Phelps was dismissed as a defendant on May 25, 2010. (*See* D.I. 22.)