IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-862-GMS |
| | ) |
| R. WILLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. Introduction

The plaintiff, James Arthur Biggins ("Biggins"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court is Biggins' "motion of show cause" construed as a motion for a preliminary injunction regarding the withholding of legal materials, legal mail, and denial of legal requests while he was held in isolation. (D.I. 105.)

### II. Standard of Review

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations

omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

### III. Discussion

On June 13, 2011, Biggins was transferred to isolation to serve a disciplinary sanction imposed upon him. He was not allowed to take his legal materials with him, but was advised that he could keep the materials in his cell once it was verified that he had an open legal case. Prison personnel verified that Biggins had an active case and his legal materials were provided to him on June 17, 2011. On June 19, 2011, Biggins submitted motions to the law library for copying, envelopes and stamps, but he heard nothing within forty-eight hours, the usual time for a response. According to Biggins, the policy is to withhold legal mail pending an inmate's release from isolation. Biggins seeks injunctive relief to change the isolation policies, to enjoin the defendants from punishing inmates twice for the same offense, to order his immediate release from isolation, and for any other relief deemed appropriate.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith,* 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht,* 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a

litigant shows that he was actually injured by the alleged denial of access.[1] The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

The defendants advise that Biggins was released from isolation and returned to his prior housing status on June 27, 2011. Pursuant to prison rules, Biggins is limited to two storage boxes. This district has previously determined that the prison regulation limiting the number of boxes of personal effects an inmates can keep in his cells is reasonably related to legitimate penological objectives as the regulation promotes fire safety, limits access to contraband and clutter, and inmates have access to the prison's law library. *Howard v. Snyder*, 389 F. Supp. 2d 589 (D. Del. 2005). Inasmuch as Biggins is no longer housed in isolation, and his materials have been returned to him in accordance with prison regulations, the court finds that Biggins' motion is moot. The court further notes that Biggins attempts to gain a transfer from isolation. Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Biggins is no longer housed in isolation. Hence, request is moot in addition to failing as a matter of law

Biggins has not demonstrated the likelihood of success on the merits. Additionally, he failed to demonstrate that granting the injunction will not result in irreparable harm to the defendant and that granting the injunction is in the public interest. Therefore, the court will deny

---

[1] An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002).

his motion.

## IV. Conclusion

For the reasons stated, the court finds that Biggins is not entitled to injunctive relief and the motion for injunctive relief will be denied. (D.I. 105.)

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

\_\_Dec 20\_\_, 2011
Wilmington, Delaware