IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-862-GMS |
| | ) |
| R. WILLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 13.) Biggins was allowed to proceed with retaliation and excessive force claims following screening of the complaint. (*See* D.I. 52.) Before the court are several motions filed by Biggins, including a request for counsel, motions to compel, motions for entry of default and default judgment, and a motion for reconsideration. (D.I. 78, 93, 111, 120, 123, 134, 135, 144.)

**II. REQUEST FOR COUNSEL**

Biggins requests counsel on the grounds that he cannot afford counsel, his incarceration impedes his ability to litigate the case, his legal materials have been confiscated by prison staff, his "lockdown" status hinders his ability to investigate and conduct discovery, he does not have physical law library access, he is limited in knowledge of the law, the issues are complex, and a

trial will likely involve conflicting testimony and an attorney would assist in the cross-examination of witnesses. The defendants oppose the motion. (D.I. 89.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. Biggins is a frequent filer and has the ability to present his claims. In addition, the issues are not complex. The court finds no prejudice to him continuing as a *pro se* litigant. Finally, should the need for counsel arise later, the court will address the issue at that time. Therefore, the court will deny Biggins' request for counsel without prejudice to renew. (D.I. 78.)

## III. REQUEST FOR DEFAULT AND DEFAULT JUDGMENT

Biggins requests default and moves for entry of default judgment. (D.I. 93, 120.) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

The deadline for the defendants to enter their appearance or otherwise plead was May 23, 2011, and they answered the complaint on May 31, 2011, albeit one week late. (*See* D.I. 92.) On the same day, the court received Biggins' request for default. (D.I. 93.) "Sound judicial policy favors disposition of cases on their merits rather than on procedural defaults." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). The court exercises its discretion and declines the request for entry of default.

Next, Biggins moved for default judgment when, in his view, the defendants did not timely file a response to his motion for injunctive relief as ordered by the court. (D.I. 120.) Contrary to Biggins' position, the defendants' response was timely filed. Moreover, the court denied Biggins' motion for injunctive relief. (*See* D.I. 141, 142.) The motion for default judgment is frivolous.

For the above reasons, the court will deny the request for default and motion for entry of default judgment. (D.I. 93, 120.)

## IV. MOTIONS TO COMPEL

Biggins has filed three motions to compel. (D.I. 111, 123, 135.) Biggins contends that the defendants did not adequately answer interrogatories or produce documents responsive to his discovery requests. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

The court has reviewed Biggins' motions to compel at docket items 111 and 135, oppositions to the motions, as well as defendants' responses to the discovery requests at issue. While defendants have raised objections to some discovery requests, they also produced responsive discovery. After reviewing the record, the court concludes that the defendants adequately responded to plaintiff's discovery requests.

The motion to compel at docket item 123 seeks to compel responses to depositions upon written questions served in September 2011 upon the defendants Ronald Willey ("Willey"), Roman Carter ("Carter'), Louis Gomez ("Gomez"), Troy Rose ("Rose"), Ruby Murphy ("Murphy"), and Edward Heddinger ("Heddinger"). (*See* D.I. 116, 117.) Carter, Murphy, Rose, and Willey answered the depositions upon written questions. (*See* D.I. 125-128, 131.) Hence, the motion is moot as to these defendants and will be denied. However, the record does not reflect that Gomez or Heddinger answered the depositions upon written questions. Therefore, the court grant the motion to compel as to Gomez and Heddinger. They will be ordered to answer the depositions upon written questions.

4

For the above reasons, the court will deny the motions to compel at docket items 111 and 135 and will grant in part and deny in part the motion to compel at docket item 123. (D.I. 111, 123, 135.)

## V. MOTION TO GATHER WITNESS AFFIDAVITS

Biggins moves for an order to gather witness affidavits pursuant to Fed. R. Civ. P. 33. (D.I. 134.) The defendants did not respond to the motion. Biggins explains that he is restricted from physical access or written communications with prison population, staff officials, and correctional officers who have pertinent information. More particularly, Biggins seeks affidavits from Mr. David B. Benson, Ms. Gladis Little, N/P Ola, and I/M Chester Irwin, all of whom viewed Biggins' injuries as alleged in the complaint.

Rule 33 pertains to interrogatories to parties and is inapplicable to Biggins' motion. However, issues relating to the scope and timing of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the court. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). In the court's mind, questions remain unanswered: (1) Why is it necessary to obtain four affidavits? (2) Do medical records provide the necessary information? (3) What is the defendants' position regarding Biggins' motion? and (4) Does the request pose any security risks at the VCC?

For the above reasons, the court will hold in abeyance its ruling on Biggins' motion to gather witness affidavits. (D.I. 134.) The parties will be directed to brief this issue.

## VI. MOTION FOR RECONSIDERATION

Biggins moves for reconsideration of the court's December 20, 2011 order denying his motion for injunctive relief. (D.I. 141, 142, 144.) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

Biggins has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's December 20, 2011 order denying his motion for injunctive relief. Accordingly, the court will deny the motion for reconsideration. (D.I. 144.)

## VII. CONCLUSION

For the above reasons, the court will: (1) deny the request for counsel without prejudice to renew; (2) deny the request for default and motion for default judgment; (3) deny the motions to compel at docket items 111 and 135; (4) grant in part and deny in part the motion to compel at docket item 123; (5) hold in abeyance its ruling on the motion to gather witness affidavits; and (5) deny the motion for reconsideration. (D.I. 78, 93, 111, 120, 123, 134, 135, 144.) Defendants

6

Gomez and Heddinger will be ordered to answer the depositions upon written questions. The parties will be ordered to brief the issue of gathering witness affidavits. Finally, the court will enter a scheduling order.

An appropriate order will be entered.

_____March 20_____, 2012
Wilmington, Delaware

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-862-GMS |
| | ) |
| R. WILLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 20th day of March, 2012, for the reasons set forth in the Memorandum issued this date;

1. The plaintiff's request for counsel is **denied** without prejudice to renew. (D.I. 78.)

2. The plaintiffs' request for default and motion for entry of default judgment are **denied**. (D.I. 93, 120.)

3. The plaintiff's motions to compel are **denied**. (D.I. 111, 135.)

4. The plaintiff's motion to compel is **granted** in part and **denied** in part. (D.I. 123.) The defendants Louis Gomez and Edward Heddinger shall file responses to the September 3, 2011 deposition upon written questions within **thirty (30) days** from the date of this order.

5. The court holds in abeyance its ruling on the plaintiff's motion to gather witness affidavits. (D.I. 134.) The parties shall file briefs addressing the issue within **thirty (30) days** from the date of this order.

6. The plaintiff's motion for reconsideration is **denied**. (D.I. 144.)

8

7. **Scheduling Order.** The court enters the following scheduling order.

   a. <u>Discovery</u>. All discovery will be initiated so that it will be completed on or before July 20, 2012.

   b. <u>Application by Motion</u>. Any application to the Court will be by written motion filed with the Clerk.

   c. The parties will not send or deliver any correspondence to Chambers. All correspondence and pleadings must be filed directly with the Clerk of the Court. It will be the responsibility of the parties to inform the court of any change of address.

   d. <u>Summary Judgment Motions</u>. All summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before September 20, 2012. The answering brief will be filed on or before October 4, 2012, and the reply brief due on or before October 18, 2012.

   e. Any requests for extensions of time as set forth in this Scheduling Order must be made no later than twenty-one days prior to the expiration of time.

   _____
   CHIEF, UNITED STATES DISTRICT JUDGE