IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 09-862-GMS | |
| | ) | |
| R. WILLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn

Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.

(D.I. 1.) He also raises supplemental state claims. (D.I. 1.) Biggins appears *pro se* and was

granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 13.) The

court has jurisdiction pursuant to 28 U.S.C. 1331. Before the court is Biggins' motion for relief

from final judgment pursuant to Fed. R. Civ. P. 12(b)(3) and (6). (D.I. 188.)

**II. BACKGROUND**

On May 25, 2010, the court screened the complaint and dismissed several claims and

defendants. (*See* D.I. 22, 52.) On October 18, 2012, the defendants moved for summary

judgment. (D.I. 173.) On November 13, 2012, Biggins wrote the court and requested the status

of the case, and on December 10, 2012, Biggins filed a motion to extend the time to respond to

the motion for summary judgment. (D.I. 175, 177.) The court granted the motion on June 21,

2013 and gave Biggins until July 22, 2013 to respond to the motion. (D.I. 183.) Biggins was

warned, "[n]o further extensions will be considered by the court." (*Id.*) Biggins did not file a

response to the motion for summary judgment. Instead, on July 22, 2013, he filed a motion for

an emergency temporary injunction, order of restraining and motion for stay on defendants'

motion for summary judgment. (D.I. 184.) Thereafter, on August 22, 2013, the court entered a

memorandum and order that denied Biggins' motion for injunctive relief and granted the

defendants' motion for summary judgment. (D.I. 186, 187.) On January 10, 2014, Biggins filed

the instant motion seeking Rule 60(b) relief. (D.I. 188.)

## III. STANDARDS OF LAW

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence by which due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied, released or
> discharged, or a prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from the operation
> of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion

of the trial court guided by accepted legal principles applied in light of all relevant circumstances.

*Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Biggins relies upon

Rules 60(b)(3) and 60(b)(6) to obtain the relief he seeks.

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously

called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "In

order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the

evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522,527 (3d

Cir. 1960), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*,

865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly

obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632,

641 (5th Cir. 2005). In addition, Rule 60(b)(3) concerns litigation-related fraud perpetrated in the

course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC* v.

*Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment

may be set aside upon the movant's showing that the fraud "substantially interfered with [the

movant's] ability fully and fairly to prepare for, and proceed at, trial." *Tiller v. Baghdady*, 294

F.3d 277, 280 (1st Cir. 2002).

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief

from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D.

Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this

section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). The Third

Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for

extraordinary relief and may only be invoked upon a showing of exceptional circumstances."

*Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and

quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have

required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances'

justifying the reopening of a final judgment."). Finally, Rule 60(b)(6) generally requires the

movant to make "a more compelling showing of inequity or hardship" than would normally be

required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005) (unpublished).

## IV. DISCUSSION

Biggins moves for Rule 60(b) relief on the grounds that he filed a motion for an extension of time on November 13, 2012 based on the defendants' alleged deception in discovery and in withholding pertinent material evidence. (D.I. 188, ¶ 2.) Biggins states that he submitted an affidavit that proved that the defendants withheld discovery that was relevant to support the facts of his case. Biggins then states that, despite his legitimate requests, the court ruled on the defendants' motion for summary judgment without providing him ample time to obtain the necessary discovery.

The record reflects that, contrary to Biggins' assertions, he did not seek an extension of time on November 13, 2012. Instead, a letter was docketed from Biggins on that date wherein he acknowledges that the court granted an extension of time for the filing of dispositive motions and that requested the clerk of court to provide him with a copy of the defendant Ronald Willey's first answers to plaintiff's interrogatories. (*See* D.I. 175.) Biggins was advised by letter from the Clerk's Office on the same day, that there was a fee for photocopies and advised him of the fee. (*See* D.I. 176.) Notably, the court docket indicates that the defendants had previously provided Biggins with answers to Willey's interrogatories on June 2, 2011 and June 28, 2011, as reflected in the certificates of service attached to the answers. (D.I. 99, 102, 104.) In addition, the record reflects that following service of discovery, Biggins filed several motions to compel, all of which were ruled upon by the court. (*See* D.I. 145.) Upon review of the record, the court concluded

that defendants adequately responded to Biggins' discovery requests and denied the motions.
(*Id.*)

Finally, with the filing of the December 10, 2012 motion, Biggins was given additional
time to respond to the defendants' motion for summary judgment. (*See* D.I. 177, 183.) The court
granted the motion on June 21, 2013 and gave Biggins until July 22, 2013 to respond to the
motion. (D.I. 183.) Biggins was warned, "[n]o further extensions will be considered by the
court." (*Id.*) Nonetheless, Biggins did not heed the warning and failed to respond to the motion,
but instead filed a motion for an emergency temporary injunction, restraining order, and motion
for stay on defendants' motion for summary judgment. (D.I. 184.) Clearly, the failure to respond
to the defendants' motion for summary judgment rests entirely on Biggins' shoulders.

The relief Biggins seeks is not available to him under either Rule 60(b)(3) or Rule
60(b)(6). Neither Rule invoked by Biggins is intended to permit relitigation of the merits of the
case which seems to be Biggins' intent. With regard to Rule 60(b)(3), Biggins has failed to come
forth with clear and convincing evidence of misconduct by the opposing parties. Moreover, there
is no indication that summary judgment in favor of the defendants was unfairly obtained. With
regard to Rule 60(b)(6), Biggins' assignment of legal error, without more, does not justify the
granting of relief. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). The court
thoroughly reviewed the record and the case law before issuing its decision. It is evident that
Biggins disagrees with the court's ruling. Regardless, this is an insufficient basis for relief under
Rule 60(b)(6). Finally, Biggins has not presented extraordinary circumstances to warrant
granting his motion. *See Choi v. Kim*, 258 F. App'x 413, 416 (3d Cir. 2007) (unpublished).

## V.  CONCLUSION

For the above reasons, the court will deny Biggins' motion for relief from final judgment

pursuant to Fed. R. Civ. P. 60(b)(3) and (6).  (D.I. 188.)

CHIEF, UNITED STATES DISTRICT JUDGE

June 13, 2014
Wilmington, Delaware