IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 09-862-GMS |
| | ) | |
| R. WILLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on November 13, 2009. (D.I. 1.) Biggins appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 13.)

### II. BACKGROUND

On August 22, 2013, the court granted the defendants' motion for summary judgment and denied Biggins' motion for an emergency temporary injunction, order of restraint, and motion for stay on defendants' motion for summary judgment. (*See* D.I. 186, 187.) Biggins filed a motion for relief from final judgment, denied on June 16, 2014, followed by a second motion for relief from judgment, denied on January 14, 2015. (*See* D.I. 188, 193, 194, 197.) Biggins appealed. (D.I. 199.) On October 7, 2015, the United States Court of Appeals for the Third Circuit, dismiss the appeal for failure to timely prosecute. *See Biggins v. Danberg*, No. 15-1384 (3d Cir. Oct. 7, 2015). On February 1, 2017, Biggins filed the pending motion for relief from judgment pursuant

RECEIVED
MAY 1 8 20
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

to Fed. R. Civ. P. 60(d)(1), and on February 21, 2017, he filed a letter/motion to reopen the case. (*See* D.I. 202, 203.)

## III.   DISCUSSION

Biggins seeks relief pursuant to Fed. R. Civ. P. 60(d)(1) on the grounds of newly discovered evidence.  Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

Typically the relief Biggins seeks is brought pursuant to Rule 60(b)(2) which provides that a party may file a motion for relief from a final judgment based upon newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b).  Fed. R. Civ. P. 60(b)(2).  A motion based on newly discovered evidence under Rule 60(b)(2) must be brought within one year after the entry of the judgment.  *See* Fed. R. Civ. P. 60(c).  Hence, had Biggins opted to proceed under Rule 60(b)(2), the motion would have been untimely.

Although several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion, Rule 60(d) is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see e.g.*, *Mitchell v. Rees*, 651 F.3d 593, 597 (6th Cir. 2011) (an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion).

An independent action under Rule 60(d)(1) based on newly discovered evidence must at least meet the requirements for a motion under Rule 60(b)(2). *See Crowley v. Cooperstein*, No. 1996 WL 524101, at *1 (E.D. Pa. Sept. 11, 1996); 12 Moore's Fed. Prac. Civ. § 60.81(4) (2014)

2

(noting that some courts require even more justification for an independent action than is required for Rule 60(b)(2) motion). In determining whether Biggins can meet his burden to sustain a Rule 60(d)(1) independent action, the court must consider his allegations against the standards for a motion under Rule 60(b)(2). This analysis also serves as a determination of whether Biggins could prevail under Rule 60(b) even were it not time-barred.

Under Rule 60(b)(2), "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). "The evidence must have been discovered after trial, and the failure to learn must not have been caused by a lack of diligence. The evidence must be material to the issues involved, yet not merely cumulative or impeaching and must be of such a nature that it would probably change the outcome." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "The movant under Rule 60(b) 'bears a heavy burden,' . . . which requires 'more than a showing of the potential significance of the new evidence.'" *Bohus*, 950 F.2d at 930 (citation omitted).

Biggins describes the "newly discovered evidence" as a "recent request by the Third Circuit Court of Appeals" that verifies the court erred in its rulings. (D.I. 202 at 4.) The order, dated December 1, 2016, sought copies of pleadings with regard to Biggins' petition to file a second or successive habeas corpus petition in *In re James Arthur Biggins*, No. 16-4165 (3d Cir.), *denied* Dec. 21, 2016, petition for panel and en banc rehearing *denied* Jan. 23, 2017. (D.I. 202, ex. D.) Biggins also refers to "more newly discovered evidence" based upon the Third Circuit Court of Appeal's ruling in *David Mackel v. Pierce* (no case cite provided), regarding the issue of daily strip searches while in isolation. (D.I. 203.) While not clear, the court believes that Biggins is describing *Parkell v. Danberg*, 833 F.3d 313 (3d Cir. 2016), wherein the appellate

3

court remanded an unreasonable search claim to this court after determining there remained issues of fact as to whether thrice-daily visual body-cavity searches of inmates was reasonably related to the prison's legitimate interests in detecting and deterring contraband.

Contrary to Biggins' position, the "newly discovered evidence" he refers to is not evidence at all. Rather, he refers to an order (Case No. 16-4165 issued December 1, 2016) and an opinion (Case No. 14-1667 issued August 17, 2016), both issued after October 7, 2015 when Biggins' appeal in this case was dismissed for his failure to timely prosecute. The fact that the "newly discovered evidence" was nonexistent precludes Biggins from asserting a claim under the standards applicable to Rule 60(b)(2) motions. As an additional ground for denying relief under Rule 60(b)(2), Biggins fails to show that the "new" evidence he refers to is "not merely cumulative or impeaching" or that "it would probably change the outcome" of his case. Notably, Biggins' appeal in this matter was dismissed due to his inaction. Accordingly, the court finds that Biggins has failed to meet the "heavy burden" required to prevail on a motion under Rule 60(b)(2). *See Bohus*, 950 F.2d at 930. And thus, his request under Rule 60(d)(1) also fails.

## IV.    CONCLUSION

For the reasons stated, the court will deny the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(1) and the letter/motion to reopen the case. (D.I. 202, 203.)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2017
Wilmington, Delaware

4